# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-86V
**Filed: March 18, 2016**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | UNPUBLISHED |
| GWEN JASMIN, on behalf of | * | |
| her minor child, D.R.J., | * | |
| | * | Special Master Hamilton-Fieldman |
| Petitioner, | * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Influenza ("Flu") Vaccine; |
| | * | Cerebellar Ataxia; Seizure Disorder. |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

<u>Andrew Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
<u>Christine M. Becer</u>, United States Department of Justice, Washington, D.C., for Respondent.

### DECISION[1]

On January 30, 2014, Gwen Jasmin ("Petitioner") filed a petition on behalf of her minor son, D.R.J., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioner alleged that an influenza ("flu") vaccine administered to D.R.J. on February 17, 2012 caused him to suffer from cerebellar ataxia and a seizure disorder.

On March 17, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation and attorneys' fees and costs.  Respondent denies that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

the flu vaccination is the cause of D.R.J.'s alleged injury, or any other injury or his current condition. However, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner and her attorney shall receive the following compensation:

**A lump sum of $10,000.00 in the form of a check payable to Petitioner as legal representative of D.R.J. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and**

**A lump sum of $31,736.16 in the form of a check payable jointly to Petitioner and Petitioner's attorney, Andrew Downing, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, Petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.**

Stipulation ¶ 8.

The undersigned approves the requested amounts for Petitioner's compensation and for attorneys' fees and costs. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GWEN JASMIN, on behalf of her minor child, D.R.J., <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 14-86V <br> Special Master Hamilton-Fieldman <br> ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of her son, D.R.J. The petition seeks compensation for injuries allegedly related to D.R.J.'s receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. D.R.J. received the flu vaccination on or about February 17, 2012.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused D.R.J. to develop cerebellar ataxia and seizures and that D.R.J. experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of D.R.J.'s condition.

6. Respondent denies that the flu immunization is the cause of D.R.J.'s alleged injury, or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $10,000.00 in the form of a check payable to petitioner, as legal representative of D.R.J. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a); and

   b. A lump sum of $31,736.16 in the form of a check payable jointly to petitioner and petitioner's attorney, Andrew Downing, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner incurred no out-of-pocket litigation expenses in proceeding on the petition.

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of D.R.J. as contemplated by a

strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian of D.R.J.'s estate under the laws of the State of Florida.

13. In return for the payment described in paragraph 8, petitioner, in her individual capacity, and as legal representative of D.R.J., on behalf of herself, D.R.J. and his heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of D.R.J. resulting from, or alleged to have resulted from, the flu vaccine administered on or about February 17, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about January 30, 2014, in the United States Court of Federal Claims as petition No. 14-86V.

14. If DRJ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused D.R.J.'s alleged injury, or any other injury or his current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of D.R.J.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*
GWEN JASMIN

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*
ANDREW DOWNING
Van Cott & Talamante, PLLC
CopperPoint Tower
3030 N. Third St., Suite 790
Phoenix, AZ 85012

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, MD
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 3/17/16

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
CHRISTINE M. BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3665